## HENRY S. CADY *vs.* LESTER M. CLARK.

A., in consideration of a sum of money paid to him by B., agreed to obtain from C., and deliver to B. to be cancelled, certain promissory notes of B., which both supposed to be then held by C., but which had in fact been negotiated to other parties, who afterwards brought suits and recovered judgment thereon against B., and in one of these suits A. was summoned and charged as trustee of B. for the money paid to him by B. in consideration of their contract, and paid it on execution. *Held,* that A. was not liable to B. for a failure to obtain the notes, nor for the amount which he had paid on execution in the trustee process.

ACTION OF CONTRACT on an agreement of the defendant, in consideration of the sum of $155.75 to him paid by the plaintiff, to obtain from William P. Tenney and deliver up to the plaintiff to be cancelled two promissory notes owing from him to Tenney, and amounting to $371.62; with a count for money had and received.

At the trial in the superior court, *Rockwell,* J., upon the facts stated in the opinion, ordered a verdict for the defendant, and the plaintiff alleged exceptions.

*E. W. Bond,* for the plaintiff.

*R. A. Chapman & G. Wells,* for the defendant, were stopped by the court.

MERRICK, J. When the contract which is stated in the declaration was made, both parties supposed and believed that the notes which were the subject of it were the property and in the possession of William P. Tenney. It turned out afterwards that this was a mistake; that the notes, though originally belonging and payable to him, had been previously to that time duly negotiated, and he had then no interest in them. The express object and purpose of the parties to the contract was thereby to cancel and extinguish the indebtedness of the plaintiff to Tenney; but as no such indebtedness existed, there was

nothing upon which their contract could operate Consequently it wholly and entirely failed, and no action can be maintained against the defendant for any supposed failure on his part to perform it.

The money which was paid by the plaintiff was recoverable by him on demand as soon as it was discovered that the contract was entirely invalid, because it had been entered into upon the mistake of fact above mentioned. It could have been recovered in this action, had it not been withdrawn from the defendant's hands and legally appropriated to the plaintiff's use under the proceedings in the suit against him, in which the present defendant was summoned as his trustee. He was thus compelled to pay it to one of the plaintiff's creditors, and in that manner was discharged from any liability to the plaintiff himself. Rev. Sts. *c.* 109, § 47.  *Exceptions overruled.*